21646

In the Matter of Harry G. DEARMAN, Magistrate for Greenville County, Respondent.

(287 S. E. (2d) 921)

*Attorney Gen. Daniel R. McLeod and Senior Asst. Atty. Gen. Richard B. Kale, Jr., Columbia, for complainant.*

*Harry G. Dearman, pro se.*

February 22, 1982.

*Per Curiam:*

This is a disciplinary action charging Magistrate Harry Dearman with misconduct under Rule 34, § 1(b)(4) of the Rule on Judicial Discipline & Standards. The panel found Magistrate Dearman in violation of the rule, but recommended he be retired because of alcoholism rather than removed on grounds of misconduct. The Board of Commissioners affirmed. Neither the Attorney General nor the respondent excepted to any of the proceedings below.

We disagree with the Panel and Board that Dearman is guilty of habitual intemperance but hold he be removed from office on grounds of misconduct pusuant to § 24(f) of Rule 34.

The allegations against Magistrate Dearman charge him with being habitually intemperate in violation of the rules of the Supreme Court, Rule 34, § 1(b)[1] which provides:

"(b) A judge shall be deemed guilty of misconduct in office if:

(4) he is habitually intemperate."

---

[1] This rule was amended on September 15, 1981, but the Court is considering the case in light of the rule in effect at the time of the complaint.

After considering all of the evidence and reviewing it in a light most favorable to Magistrate Dearman, we are convinced that each of the factual allegations has been proved against him and conclude he is guilty of misconduct in office as he has been habitually intemperate.

Magistrate Dearman in his appearance before this Court admitted his problem with alcohol.

We hold respondent is guilty of habitual intemperance and order that he be removed from office as of the date of the filing of this opinion.

Removed.